```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION
```

Melissa Cohan,                      :

       Plaintiff,                 :

  v.                                :      Case No. 2:13-cv-809

                                      :      JUDGE PETER C. ECONOMUS
Commissioner of Social Security,           Magistrate Judge Kemp

       Defendant.                :

## REPORT AND RECOMMENDATION

Plaintiff Melissa Cohan filed this action after the Commissioner of Social Security, acting through a final decision of the Appeals Council handed down on June 17, 2013, found her liable for the overpayment of $24,204.00 in social security benefits which she collected after her husband's death.  The Commissioner has moved to remand the case for a new administrative hearing.  Plaintiff opposes the motion.  For the following reasons, it will be recommended that the motion be granted.

The current administrative decision made two findings: that there had been an overpayment of benefits in the amount of $24,204.00, and that Plaintiff was not without fault in causing the overpayments, essentially by failing properly to report her excess earnings.  Plaintiff testified at the administrative hearing that she orally reported her earnings to the local social security office and assumed, because the amount of her checks did not change afterwards, that she was entitled to them.  She received no notice of overpayment until she had gotten more than $18,000 in benefits to which she was not entitled.

The Commissioner seeks a remand for purposes of having a new

administrative hearing at which "[t]he ALJ will evaluate the record to assess whether the evidence shows that Plaintiff reported her work activities and earnings to the field office during the overpayment period and, if not, whether her failure to report or accept an erroneous payment was due to one of the specific circumstances articulated under 20 C.F.R. §404.510.  If the articulated circumstances under 20 C.F.R. §404.510 are not applicable, the ALJ will determine whether the claimant was at fault under the criteria of 20 C.F.R. §404.511."  Motion for Voluntary Remand, Doc. 25, at 1.  Should the ALJ determine Plaintiff to have been without fault, the ALJ would then analyze the issue of waiver under 20 C.F.R. §§404.508 and 404.509.  Id. at 1-2.  In asking for a remand, the Commissioner implicitly concedes that the ALJ used the wrong regulatory section - 20 C.F.R. §404.507 - to determine if Plaintiff was at fault.

Plaintiff's argument against a remand is that, given the inability of the Commissioner to have resolved this matter correctly to this point, it seems unlikely that further proceedings would be fair and impartial, and that she has already spent significant time and resources arguing her position and ultimately litigating the issue.  She asks the Court to decide the case on its merits.

As the reply brief notes, even if the Court were to sustain Plaintiff's statement of errors as to the use of an incorrect legal standard, it would not be in a position to make a final determination as to all issues in the case.  The issue of fault, under either legal standard, is an open question, and the issue of waiver requires an inquiry into Plaintiff's current financial situation.  When an administrative decision "fails to provide an adequate basis to determine whether the correct legal principles are followed, or whether substantial evidence supports the final determination denying the plaintiff's request for waiver,"

-2-

reversal and remand is the appropriate remedy.  <u>Hughes v. Barnhart,</u> 2004 WL 3247622, *4 (M.D. La. May 27, 2004). Similarly, if an ALJ has not addressed the question of "[w]hether or not requiring Plaintiff to repay would be against equity and good conscience," remand is the correct remedy.  <u>Pickman v. Astrue</u>, 2009 WL 2216144, *6-7 (N.D. Cal. July 23, 2009). Plaintiff has not made a factual showing that she cannot receive a fair hearing, nor is it evident that proceedings on remand will consist of "several more years of futile and shoddy analysis ...."  Plaintiff's Memorandum, Doc. 26, at 3.  Therefore, it is recommended that the motion for voluntary remand (Doc. 25) be granted and that this case be remanded to the Commissioner for the holding of a new administrative hearing.

<u>Procedure on Objections</u>

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a <u>de novo</u> determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation <u>de novo</u>, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  <u>See Thomas v. Arn</u>, 474 U.S. 140

(1985); <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir.1981).


                                      <u>/s/ Terence P. Kemp</u>
                                      United States Magistrate Judge