**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **MELISSA COHAN,**　　**Plaintiff,**　　v.　**COMMISSIONER OF SOCIAL SECURITY,**　　**Defendant.** | **Case No. 2:13-cv-809**　**Judge Peter C. Economus**　**MEMORANDUM OPINION AND ORDER** |

Plaintiff Melissa Cohan brought this action for review of the final decision of the Commissioner of Social Security finding that she owed funds due to the alleged overpayment of Social Security "mother's" benefits. While the agency determined that Plaintiff had been overpaid due to "underreported/unreported earnings," Plaintiff alleges that she properly reported her income to the local Social Security office. (Compl. ¶¶ 6–11.)

Apparently conceding that the administrative law judge (ALJ) applied an incorrect standard, the Commissioner filed a motion for voluntary remand. Specifically, the Commissioner moved the Court to "enter an order and judgment <u>reversing</u> the final decision of the Commissioner of Social Security, pursuant to the fourth sentence of 42 U.S.C. § 405(g), <u>with remand</u> to the Commissioner for further administrative proceedings and a new decision." (Doc. 25 at 1 (emphasis added).)

This matter is before the Court for consideration of Plaintiff's objections (doc. 29) to the Magistrate Judge's Report and Recommendation (doc. 28) recommending that the Court grant the Commissioner's Motion for Voluntary Remand (doc. 25). For the reasons that follow, the Court **OVERRULES** Plaintiff's objections (doc. 29), **ADOPTS** the Report and Recommendation (doc. 28), and **GRANTS** the Commissioner's Motion for Voluntary Remand (doc. 25).

**I.**

The Commissioner seeks a remand to hold a new hearing and issue a new decision, stating that:

> The ALJ will evaluate the record to assess whether the evidence shows that Plaintiff reported her work activities and earnings to the field office during the overpayment period and, if not, whether her failure to report or accept an erroneous payment was due to one of the specific circumstances articulated under 20 C.F.R. § 404.510. If the articulated circumstances under 20 C.F.R. § 404.510 are not applicable, the ALJ will then determine whether the claimant was at fault under the criteria of 20 C.F.R. § 404.511.
>
> If the ALJ ultimately concludes that Plaintiff was without fault, he will assess whether recovery of the overpayment from Plaintiff may be waived under 20 C.F.R. § 404.508 or 404.509. This analysis will include soliciting updated financial information from Plaintiff along with corroborative evidence to confirm the alleged income, assets, and expense amounts. The ALJ will then evaluate Plaintiff's household financial information to determine whether repayment of the overpayment would deprive her of income required for her necessary and ordinary living expenses, 20 C.F.R. § 404.508, and will consider whether recovery would be against equity and good conscience. 20 C.F.R. § 404.509.

(Doc. 25 at 1–2.)

Plaintiff opposes the motion, arguing that it will only add to the substantial fees and expenses that she has already incurred. She urges the Court to decide the case on its merits rather than to remand for further administrative proceedings. (Doc. 26.)

The Commissioner responds that, because the initial administrative proceedings did not adequately explore the necessary factual issues, such as Plaintiff's current financial circumstances, the record is inadequate to allow the Court to decide the case on the merits. (Doc. 27.) The Magistrate Judge agreed in his Report and Recommendation, recommending that the Court remand to allow the ALJ to develop the record. (Doc. 28.)

In her objections to the Report and Recommendation, Plaintiff adds an argument that a remand would be procedurally inappropriate pursuant to sentence four[1] of 42 U.S.C. § 405(g) because the Report and Recommendation did not specifically state that it recommended a reversal. The Court finds no merit in this argument. While the Report and Recommendation did not specifically state that it recommended a reversal, it recommended the granting of a motion for reversal and remand, and it implied that a reversal was recommended. In any case, this Court's Order reversing and remanding suffers no procedural defect as described by Plaintiff.

While sympathetic regarding the cost of further administrative proceedings, the Court finds that the essential factual issues have not been resolved in this case, and a remand is therefore required. "If a court determines that substantial evidence does not support the Secretary's decision, the court can reverse the decision and immediately award benefits <u>only if all essential factual issues have been resolved</u> and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. Therefore, the Court hereby **OVERRULES** Plaintiff's objections (doc. 29), **ADOPTS** the Report and Recommendation (doc. 28), and **GRANTS** the Commissioner's Motion for Voluntary Remand (doc. 25). This matter is hereby **REVERSED** and **REMANDED** for proceedings consistent with this Order.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT JUDGE

---

[1] Sentence Four states: "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."